FILED

DEC 2 1 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | I N F O R M A T I O N |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. **5 : 22 CR 731** |
| | ) | Title 18, United States Code, |
| MICHAEL HARMAN, | ) | Sections 1343 and |
| | ) | 1956(a)(1)(B)(i); Title 26, United |
| Defendant. | ) | States Code, Section 7206(1) |

GENERAL ALLEGATIONS

JUDGE OLIVER

At all times relevant to this Information, unless otherwise specified:

1.     Defendant MICHAEL HARMAN resided in Ravenna, Ohio, in the Northern District of Ohio, Eastern Division.

2.     Defendant was a Certified Public Accountant and employee of Company-1. Defendant held the position of Controller.

3.     Company-1 was a regional commercial construction, architectural, and property management company headquartered in Streetsboro, Ohio, in the Northern District of Ohio Eastern, Division.

4.     Company-1 held a bank account at Financial Institution 1 ("FI-1") ending in x9320 (the "FI-1 Business Account"), the deposits of which were insured by the Federal Deposit Insurance Corporation.  FI-1 was a financial institution engaged in activities affecting interstate and foreign commerce.

5.     As Controller of Company-1, Defendant's responsibilities included processing all payroll adjustments.

6.      Company-1 issued Defendant corporate credit cards from FI-1 ("Company-1's Credit Cards"), including Company-1's Credit Card ending in x7740.

7.      Company-2 was a company headquartered in San Francisco, California, that provided payment processing services for purchasers of goods and services, including to act as an intermediary for payments made through Company-2 to vendors.

8.      Company-2 held a bank account at Financial Institution 2 ("FI-2"), the deposits of which were insured by the Federal Deposit Insurance Corporation. FI-2 was a financial institution engaged in activities affecting interstate and foreign commerce.

9.      Payments made to clients of Company-2 through Company-2's payment processing services were transferred to Company-2's account at FI-2.

## COUNT 1
### (Wire Fraud, 18 U.S.C. § 1343)

The First Assistant United States Attorney charges:

10.      The factual allegations of paragraphs 1 through 9 of this Information are realleged and incorporated by reference as though fully set forth herein.

### The Scheme to Defraud Company-1

11.      From in or around 2016, and continuing through in or around August 2020, in the Northern District of Ohio, Eastern Division and elsewhere, Defendant MICHAEL HARMAN devised and intended to devise a scheme to defraud his employer, Company-1, to obtain money and property by means of false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, as set forth below.

2

12.     Defendant fraudulently caused wire transfers to issue from the FI-1 account for Defendant's child support obligations in the state of New York in the amount of approximately $39,692.25.

13.     Defendant fraudulently made unauthorized charges on Company-1's Credit Cards for personal expenditures, including through Company-2's account, in the amount of approximately $1,018,340.94.

14.     Defendant fraudulently caused a wire transfer from the FI-1 Business Account for Defendant's purported personal moving expenses in the amount of approximately $12,296.00.

15.     Defendant fraudulently caused checks to be issued from the FI-1 Business Account for Defendant's child support obligations in the state of New York in the amount of $11,545.91.

16.     Defendant fraudulently caused wire transfers to issue from the FI-1 Business Account for Defendant's child support obligations in the state of New York in the amount of approximately $39,692.25.

17.     Defendant fraudulently created an account with Company-2 to make payments via check or wire using Company-1's funds, without recipients of those payments learning the true source of the funds.

18.     As a result of Defendant's unauthorized charges on Company-1's Credit Cards and unauthorized withdrawals from the FI-1 Business Account, Company-1 suffered a loss of approximately $1,081,875.10.

19.     On or about August 19, 2020, in the Northern District of Ohio, Eastern Division, Defendant MICHAEL HARMAN, for the purpose of executing and attempting to execute the

3

scheme and artifice to defraud described above transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, to wit: an electronic online payment transfer of $25,712.50 from Company 1's Credit Card ending in x7740 at FI-1 in Ohio to Company-2's account at FI-2 in California, in violation of Title 18, United States Code, Section 1343.

COUNT 2
(Making and Subscribing False Tax Returns, 26 U.S.C. § 7206(1))

The First Assistant United States Attorney further charges:

20.    On or about April 15, 2017, in the Northern District of Ohio, Eastern Division and elsewhere, Defendant MICHAEL HARMAN, a resident of Ravenna, Ohio, who was married, did willfully make and subscribe, jointly with his spouse, a United States Individual Income Tax Return (Form 1040), for calendar year 2016, which was verified by a written declaration that it was made under the penalties of perjury, which was filed with the Internal Revenue Service, and which Defendant did not believe to be true and correct as to every material matter, in that, as he then and there well knew and believed, the return understated his total income on line 22 by failing to report income Defendant had that year, and his actual total income substantially exceeded the amount reported, in violation of Title 26, United States Code, Section 7206(1).

COUNT 3
(Making and Subscribing False Tax Returns, 26 U.S.C. § 7206(1))

The First Assistant United States Attorney further charges:

21.    On or about May 8, 2018, in the Northern District of Ohio, Eastern Division and elsewhere, Defendant MICHAEL HARMAN, a resident of Ravenna, Ohio, who was married, did willfully make and subscribe, jointly with his spouse, a United States Individual Income Tax Return (Form 1040), for calendar year 2017, which was verified by a written declaration that it

4

was made under the penalties of perjury, which was filed with the Internal Revenue Service, and which Defendant did not believe to be true and correct as to every material matter, in that, as he then and there well knew and believed, the return understated his total income on line 22 by failing to report income Defendant had that year, and his actual total income substantially exceeded the amount reported, in violation of Title 26, United States Code, Section 7206(1).

COUNT 4<br>(Making and Subscribing False Tax Returns, 26 U.S.C. § 7206(1))

The First Assistant United States Attorney further charges:

22.     On or about October 15, 2019, in the Northern District of Ohio, Eastern Division and elsewhere, Defendant MICHAEL HARMAN, a resident of Ravenna, Ohio, who was married, did willfully make and subscribe, jointly with his spouse, a United States Individual Income Tax Return (Form 1040), for calendar year 2018, which was verified by a written declaration that it was made under the penalties of perjury, which was filed with the Internal Revenue Service, and which Defendant did not believe to be true and correct as to every material matter, in that as he then and there well knew and believed, the return understated his total income on line 6 by failing to report income Defendant had that year, and his actual total income substantially exceeded the amount reported, in violation of Title 26, United States Code, Section 7206(1).

COUNT 5
(Making and Subscribing False Tax Returns, 26 U.S.C. § 7206(1))

The First Assistant United States Attorney further charges:

23.     On or about July 28, 2020, in the Northern District of Ohio, Eastern Division and elsewhere, Defendant MICHAEL HARMAN, a resident of Ravenna, Ohio, who was married, did willfully make and subscribe, jointly with his spouse, a United States Individual Income Tax Return (Form 1040), for calendar year 2019, which was verified by a written declaration that it was made under the penalties of perjury, which was filed with the Internal Revenue Service, and which Defendant did not believe to be true and correct as to every material matter, in that as he then and there well knew and believed, the return understated his total income on line 7b by failing to report income Defendant had that year, and his actual total income substantially exceeded the amount reported, in violation of Title 26, United States Code, Section 7206(1).

COUNT 6
(Money Laundering, 18 U.S.C. § 1956(a)(1)(B)(i))

The First Assistant United States Attorney further charges:

24.     The factual allegations of paragraphs 1 through 9 of this Information are realleged and incorporated by reference as though fully set forth herein.

25.     On or about August 6, 2020, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant MICHAEL HARMAN, knowingly and intentionally conducted and attempted to conduct a financial transaction affecting interstate commerce, to wit: Defendant caused a payment to be made of approximately $28,283.75 from Company-2's account at FI-2 to a business Defendant controlled, which involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction involved the proceeds of some form of unlawful activity and knowing that the

transaction was designed in whole and in part to conceal and disguise the nature, location,

source, ownership, and control of the proceeds of said specified unlawful activity, in violation of

Title 18, United States Code, Section 1956(a)(1)(B)(i).

MICHELLE M. BAEPPLER
First Assistant United States Attorney

By:    _____

             MICHAEL L. COLLYER, Chief
             White Collar Crimes Unit